IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02467-BNB

CHARLOTTE TRUJILLO,

    Plaintiff,

v.

SOCIAL SECURITY,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Charlotte Trujillo, acting *pro se*, initiated this action by filing a Complaint. The only statements she provided under the Claims for Relief section of the Complaint form was "Denied April 2010," "Denied May 2011," and "Denied May 12, 2012." In the Request for Relief section of the form, Ms. Trujillo stated that she has fibermyalgia, osteoarthritis, and COPD, and needs help.

    On September 17, 2013, Magistrate Judge Boyd N. Boland entered an order directing Ms. Trujillo to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. She further was directed to state under the Jurisdiction section of the Complaint form if she is proceeding under 42 U.S.C. § 405(g) and to set forth a statement of her claims under the Claims for Relief section. Ms. Trujillo also was directed that if she is proceeding pursuant to § 405(g) she must state in the Amended Complaint the date of the Social Security Commissioner's final decision that she is challenging. Ms. Trujillo was warned

that the action would be dismissed without further notice if she failed to file an amended complaint within thirty days.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."

The Court agrees that Ms. Trujillo failed to comply with Rule 8 and Magistrate Judge Boland's directive to amend was correct. Ms. Trujillo now has failed to respond in any way to Magistrate Judge Boland's September 17 Order. Therefore, the action will be dismissed without prejudice for failure to comply with a court order.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Trujillo files a notice of appeal she also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Ms. Trujillo failed to comply with a Court order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  30th  day of    October   , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court